IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3193-FL

| ANTOINE MONTEZ MILES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| DAVID GUICE, GEORGE SOLOMON, GWEN NORVEIL, AND LARRY DUNSTON, | ) | |
| Defendants. | ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that defendants Secretary of the Department of Public Safety Kieran Shanahan ("Shanahan"), Commissioner for the North Carolina Division of Adult Correction David Guice ("Guice"), Director of Prisons George Solomon ("Solomon"), Director of Chaplaincy Services Betty Brown ("Brown"), and Security Threat Group coordinator Larry Dunston ("Dunston") violated his rights pursuant to the Free Exercise Clause of the First Amendment to the United States Constitution. Plaintiff also alleges that defendants violated his rights pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Religious Land Use of Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc-1 et seq. The matter is before the court on plaintiff's response to the court's November 12, 2013, order directing plaintiff to particularize his complaint. Also before the court is plaintiff's motion for a preliminary injunction (DE 11). The issues raised are ripe for adjudication.

The court begins with its frivolity review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). It does not clearly appear from the face of the complaint that plaintiff is not entitled to relief, thus the matter is allowed to proceed against Shanahan, Solomon, Guice, Brown, and Dunston. Because plaintiff did not name Gwen Norveil as a defendant in his amended complaint, plaintiff's claim against Gwen Norveil[1] is DISMISSED without prejudice.

The court now turns to plaintiff's motion for a preliminary injunction. In his motion, plaintiff requests a court order directing the North Carolina Department of Public Safety to recognize the Nations of Gods and Earth ("NGE") as a religion and to accommodate his religious diet and other means of practicing his religion.

The court construes plaintiff's motion for injunctive relief as a request for a temporary restraining order.[2] See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard

---

[1] Plaintiff named Gwen Norveil as a defendant in his original complaint (DE 1).

[2] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

2

in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff has failed to demonstrate that he likely is to succeed on the merits, and has not alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Further, the public interest is best served if courts do not get involved with the daily operations of a prison, especially prior to the finding of a constitutional violation. See Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980) (discussing the complexities of running a prison and the reluctance of federal courts to interfere in the decision making of prison officials). Accordingly, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest, and the balance of equities is in favor of defendants. Thus, the court concludes that plaintiff's motion for a temporary restraining order is DENIED.

In summary, plaintiff is ALLOWED to proceed with this action, but plaintiff's claim against Gwen Norveil is DISMISSED without prejudice. Plaintiff's motion for a temporary restraining order (DE 11) is DENIED. Defendants shall have sixty (60) days from service of the complaint to file their answer, and the court DIRECTS the Clerk of Court to serve a copy of this order together with the complaint and summons on each defendant. The court DIRECTS the United States Marshal

Service to make service pursuant to 28 U.S.C. § 1915(d). Because the court has conducted a frivolity review of this action, motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted are discouraged.

SO ORDERED, this the 10th day of April, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

4

Case 5:13-ct-03193-FL   Document 12   Filed 04/10/14   Page 4 of 4